

PLAINTIFF'S
EXHIBIT
2

## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Lester W. Causey, Jr.** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Case No.: BPG 18-3544** |
| **Kelly's Collision, LLC** *et al.* | * | |
| **Defendants** | * | |

_____/

### <u>DECLARATION OF HOWARD B. HOFFMAN</u>

1. I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I serve as counsel to the Plaintiff in the above-referenced matter.

2. I am an attorney in private practice, and I concentrate on employment law. From 1999 to 2002, I practiced in two prominent boutique employment law firms representing management clients. I have been practicing law since December 1999. I am admitted to the Maryland bar (since 1999), the District of Columbia bar (since 2007), and the Virginia bar (since 2015), as well as the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the District of Maryland,[1] and the U.S. District Court for Eastern District of Virginia. I have extensive experience prosecuting and defending wage and hour cases and other employment law cases. I opened my own Firm in 2002. On July 1, 2018, the practice began operating as Hoffman Employment Law, LLC. I currently employ two associate attorneys, Jordan S. Liew, Esq. and Gregory B. Herbers, Esq.

3. I have maintained time and costs records in this case, which I have placed into "RocketMatter"© software. The time records set forth as Exhibit 2-A are true and correct

records of time entries inputted on a daily basis and are contemporaneous business records held in the ordinary course by my private law practice. The time records reflect actual time expended in the prosecution of this litigation (the "RocketMatter" entries have not been placed into the Court's required lodestar billing format). The time incurred is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this matter. The time reflects the number of issues that the Defendants have or could raise as a defense in this case. I have also, to the fullest extent practical, specified the time spent per task, and I have avoided the practice of block billing.

4.  Through today's date (March 8, 2019), I have incurred a minimum of 10.2 hours in this case at $400.00/hour (see below for basis for this claimed hourly rate), for a total value of $4,080.00. I was generally responsible for all matters and facets of this case. My associate attorney, Gregory B. Herbers, Esq., assisted with the majority of the work in this case, and his recorded time through March 8, 2019 was 17.2 hours at a rate of $205/hour. (Mr. Herber's appearance was not entered in this case as he is not yet a member of the Federal bar for the U.S. District Court for the District of Maryland). My associate attorney, Jordan S. Liew, Esq., whose appearance was entered in this case, assisted with this case as well, and his recorded time through March 8, 2019 was 3.2 hours at a rate of $205/hour. The total time is 30.6 hours valued at $8,182.00.

5.  My itemized and reimbursable listed costs in this case are $596.95, consisting of the filing fee, service of process, and transmitting a settlement check to Mr. Causey via US Priority Mail (tracking).

6.  Therefore, the total fees and costs incurred to date are $8,778.95.

---

[1]   I gained admission to this Court in January 2000.

7.  By accepting $8,495.00 for fees and cost reimbursement to Plaintiff's FLSA claims, I am
    therefore discounting ("writing down") part of our time as it relates to this settlement.

8.  In the course of representing businesses and some individuals, I include and bill to my
    clients any disbursements representing the same costs incurred in this case (e.g., postage,
    copies, conference calls, court reporters, experts, etc.).

9.  I am an honors graduate of University of Maryland School of Law (May, 1999), where I
    was the recipient of the "Shawe & Rosenthal" employment law prize, and the "Joseph
    Bernstein Prize" (for excellence in legal writing).  I have been a member of the Maryland
    bar since December 1999 and this Court since January 2000.  I have been a Contributing
    Revisions Editor, Fair Labor Standards Act (BNA/ABA) since 2002.  I was asked to
    speak at a seminar in December 2012, for Maryland Employment Lawyers Association
    titled "Bringing Your First FLSA Collective Action: The Guts and Glory Of Overtime
    Wage Cases."  I was selected to speak at a Lorman seminar in June 2013 to discuss
    principles of law under the FLSA.  Most recently, I received the honor of being
    designated a "SuperLawyer"® in employment law in both Maryland and the District of
    Columbia (2016-2019).

10. As stated, I have extensive experience in prosecuting and defending wage and hour
    lawsuits, and that makes me rather uniquely qualified to provide this Declaration.  Many
    of the well-known reported decisions in the District of Maryland addressing overtime and
    minimum wage rights, are cases that I have either prosecuted (represented the employee)
    or defended (represented the employer).  These notable and widely cited decisions
    include, but are not limited to: Rose v. New Day Financial, et al., 816 F.Supp.2d 245,
    2011 WL 4103276 (D. Md. Oct. 5, 2011) (Quarles, J.) (represented employer; motion to

compel class-waiver arbitration granted); <u>Chapman et al. v. Ourisman Chevrolet Co., Inc.</u>, 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied); <u>Williams et al. v. ezStorage Corp.</u>, 2011 WL 1539941 (D. Md. Apr. 21, 2011) (Bennett, J.) (conditional certification of FLSA collective action on behalf of employees); <u>Gionfriddo et al. v. Jason Zink, LLC, et al.</u>, 769 F.Supp.2d 880 (D. Md. 2011) (Bennett, J.) (represented employer in FLSA case; granting motion for decertification); <u>Dorsey et al. v. The Greene Turtle Franchising Corp.</u>, 2010 WL 3655544 (D. Md. 2010) (Blake, J.) (represented employees; grant of conditional certification of FLSA collective action); <u>Williams et al. v. Long (d/b/a "Charm City Cupcakes")</u>, 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (represented employees; grant of conditional certification of FLSA collective action (widely cited in District)); <u>Spencer v. Central Services, LLC, et al.</u>, Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (grant of attorneys' fees and costs in FLSA case); <u>Dorsey et al. v. TGT Consulting, LLC</u>, 888 F.Supp.2d 670, 2012 WL 3629209 (D. Md. Aug. 20, 2012) (Blake, J.) (holding employee's earning statements were insufficient to inform employees of FLSA's tip credit requirements); <u>Saman v. LDBP, Inc.</u>, 2012 WL 5463031 (D. Md. Nov. 7, 2012) (Chasanow, J.) (dismissal of supplemental state claim of wrongful discharge in FLSA case).   Several of the aforementioned decisions resulted in additional precedent setting decisions in that same case, although they are not cited here.

11. Additionally, while I would like to remain modest about my accomplishments in my nineteen (19) years of practice, two of the more frequently cited published decisions involving the First Amendment rights of law enforcement whistleblowers, decided by the

U.S. Court of Appeals for the Fourth Circuit within the last decade, are cases that I prosecuted on behalf law enforcement whistleblowers, see, e.g., Andrew v. Clark, 561 F.3d 261 (4th Cir. 2009) (representation of law enforcement officer in claim of First Amendment retaliation and due process); Durham v. Jones, 737 F.3d 291 (4th Cir. 2013) (affirming judgment of judgment was obtained in the amount of $1,112,200.00 against Somerset County Sheriff; defeating claims of qualified immunity in First Amendment retaliation case).

12. Moreover, my work frequently casts me into the spotlight.  By way of example, I have been quoted, or my work has been featured, in the following news articles: "Deputy Gets Powers Back," The Maryland Daily Record, Pg. 1A, Aug. 14, 2013; "Tip & Fight; Famed Baltimore Restaurant Sip & Bite on the Hook for Unfair Labor Practices," Baltimore City Paper ("Mobtown Beat column"), Aug. 21, 2013; "Sheriff Owes Deputy $1.1M," The Maryland Daily Record, Pg. 1A, December 11, 2013; "Pet Peeve – Outcry Over Baltimore County Animal Shelter Erupts in Free-Speech Lawsuit," Baltimore City Paper ("Mobtown Beat column"), June 4, 2014; "State Courts Can Decide Overtime Disputes, Enhance Damages," The Maryland Daily Record, Pg. 1A, Aug. 18, 2014.  My Section 1983 work on behalf of animal advocates in Baltimore County, Fancy Cats Rescue Team, Inc., et al. v. Baltimore County, Md., et al., BPG 14-1073, gained nationwide attention. See        http://www.chicagotribune.com/lifestyles/pets/ct-pets-shelter-silence-0129-20150129-story.html ("Bredar's decision could have implications around the country.")

13. Hoffman Employment Law, LLC has not charged (and will not charge) the Plaintiff in this case for any of the costs or fees that have been incurred in this case.  No contingency fee is being charged to Plaintiff.

14. The Plaintiff will receive $10,000.00, less appropriate withholdings, which is slightly less than the maximum amount of his compensatory damages. While this is not typical, the case was complex and the Plaintiff desired to settle his claim at this amount. The amount is fair and reasonable given the Plaintiff's independent desire to settle his claims for $10,000.00.

15. In my opinion, the payment of the sums as settlement to the Plaintiff, with no legal fees or costs charged to the Plaintiff, represents a fair and reasonable resolution to her FLSA claims, based on my experience handling scores of FLSA cases and the specific issues involved in this case, particularly given circumstances unique to the Plaintiff. Naturally, Plaintiff supports the settlement outcome in this case.

21. Before I began my <u>nineteenth</u> year of practice, I received awards of $300.00 an hour, under an old lodestar guideline, in the following cases: <u>Chapman et al. v. Ourisman Chevrolet Co., Inc.</u>, 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (granting $300.00/hour to Hoffman based on review of credentials and declarations of attorneys in the community); <u>Spencer v. Central Services, LLC, et al.</u>, Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (Blake, J.) (granting Hoffman $300.00/hour in attorneys' fees, referring to Hoffman's work as "laudable", and granting all time requested by Hoffman in an FLSA case); <u>Durham v. Jones</u>, WMN 10-2534, 2012 WL 3985224 (D. Md. Sept. 10, 2012) (Nickerson, J.) (granting Hoffman $300.00/hour, and remarking that Hoffman's timesheets "thoroughly account[ed]" for claimed hours). I was most recently awarded an increase to $400/hour in <u>Jackson et al. v. Egira, LLC, et al.</u>, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016).

22.

I am requesting that the Court value my time at a rate of $400.00 an hour in this case, *although the effective hourly rate is slightly lower as I have discounted my legal fees and costs in the interest of settlement.* This rate is consistent with the revised Lodestar Guidelines adopted by the U.S. District Court, especially for an attorney who regularly handles precedent-setting decisions, whose work attracts and receives media attention, and who regularly speaks on employment law topics, including to fellow attorneys. The complexity, duration, and skill required in this case deserve a rate of $400.00.

23. Additionally, I am requesting that the Court value the time of my associates, Messrs. Herbers and Liew, at an hourly rate of $205/hour. This rate is consistent with the revised Lodestar Guidelines adopted by the U.S. District Court. Messrs. Liew and Herber's education and experience are outlined in their respective Declarations. I believe that the market rate assigned to these lawyers is also very appropriate, given my own review of associate time in other cases in which I have defended. I am also very satisfied with the level of delegation of attorney work to associate attorneys in this case, which served to keep fees/costs to a minimum.

**DECLARANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing are true and correct.

Howard B. Hoffman, Esq.

March 8, 2019