## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Lester W. Causey, Jr.** | * | |
| **Plaintiff** | * | |
| v. | * | Case No.: BPG 18-3544 |
| **Kelly's Collision, LLC** *et al.* | * | |
| **Defendants.** | * | |

## JOINT MOTION TO APPROVE
## FLSA SETTLEMENT AGREEMENT

The parties jointly move that the Court approve the attached Settlement Agreement (Exh. 1). In support of this Motion, the parties state as follows:

1. Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.'" *Kianpour v. Restaurant Zone, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015) ("Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.), *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 n.2 (D. Md. 2014) (discussing issues of dismissal under Fed. R. Civ. P. 41(a)(1)(A) and noting that the Eleventh Circuit has held that all FLSA settlements require court approval.). "Nevertheless, '[c]laims for FLSA violations can ... be settled when the settlement is supervised by the [Department of Labor] or a court.'" *Id.* (*quoting Taylor*, 415 F.3d at 374 (alterations original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements

that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey*, 30 F. Supp. 3d at 407-08. Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.*, No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.*, No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D. Md. 2010)); *see also Nyamira v. Little Kampala Services, LLC*, 2018 WL 5026371 at *2 (D. Md. Oct. 17, 2018). "The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (*citing Saman*, 2013 WL 2949047 at *3) (alterations original). *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC*, No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Duprey*, 30 F. Supp. 3d at 408 (*citing Lynn's Food Stores*, 679 F.2d at 1354) (alterations original).

2

2. As detailed in the Plaintiff's Complaint, this is a case involving an hourly manager who was employed by Defendants in a collision repair facility located in Salisbury, Maryland. (ECF Doc. 1). Plaintiff was required to provide estimates, accept payments, and answer inquiries from customers. Plaintiff claimed that he was required to work from 12:00 pm to 1:00 pm, which Defendants deemed to be an uncompensated lunch hour. Therefore, on the one hand, Defendants claimed that Plaintiff's typical workweek was 40 hours, because he was given an uninterrupted lunch break of one hour. Plaintiff, on the other hand, claimed that his lunch break was interrupted (as a practical matter), and that it was his job to respond to customers whenever they contacted the "shop." Therefore, Plaintiff contends that he was working 45 hours a week and was therefore owed overtime (and unpaid wages).

3. Prior to Defendants' filing an Answer, the parties engaged in back and forth negotiations, and exchanged certain information such as payroll records, for the purpose of resolving this dispute. Defendants argued that Plaintiff failed to work throughout his lunch hours which Plaintiff disputed. Defendants contended that they had witnesses who would support them. Defendants proffered that the evidence supported their defenses such as telephone and facsimile logs, as well as internet history searches, although Defendants did not share this with Plaintiff's counsel. Plaintiff denied their claims and demurred to the allegations; Plaintiff maintains that he was "engaged to wait" during his lunch hour or was completely relieved of duty. Skidmore et al. v. Swift & Co., 323 U.S. 134, 136-37 (1944); Armour & Co. v. Wantock et al., 323 U.S. 126, 132 (1944) (time spent waiting for work is compensable if it is spent "primarily for the benefit of the employer and [its] business.").

3

4. To resolve the matter without further costs and litigation regarding whether the amounts claimed were due or the amount of statutory damages were proper, without admitting liability, Defendants agreed to pay and Plaintiff agreed to accept an amount representing less than 1x his potential unpaid overtime.[1]

5. As per the attached Settlement Agreement (Exh. 1), Plaintiff Causey will recover $10,000.00.

6. While Defendants deny any and all liability, and while the parties may disagree over the merits of the lawsuit, there is no disagreement that the Defendants' resources are limited and the case is particularly fact intensive and legally challenging. There are issues in this case that could increase the prospects for an appeal. For example, the issue of whether Plaintiff had (as a factual matter) an uninterrupted hour-long lunch break, and even if he did, whether he was still "waiting to be engaged" during this hour (and thus is still entitled to be compensated), represent very difficult and complex issues that often times lead to extensive litigation benefiting neither party. Both parties represent that they compromised their positions in order to agree on a settlement in this case.

7. Moreover, if this case continued, all Parties would be consumed and bothered by the litigation, including the burdens and distractions of discovery and the expenses and fees accompanying this litigation.

8. Given the issues and risks involved, the Parties respectfully request that the Court approve the Settlement Agreement reached between the parties at arms-length involving experienced and capable counsel on all sides.

---

[1] Plaintiff's unpaid overtime was calculated at $12,297.00, exclusive of liquidated damages, fees and costs.

4

9. There is one remaining issue requiring the Court's attention, i.e., the approval of the Attorneys' Fees and Costs.

10. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3, *Nyamira*, 2018 WL 5026371, at * 4, *Cerritos v. 4806 Rugby Avenue LLC*, 2018 WL 2290706 at *3 (D. Md. May 18, 2018), *Dominguez v. Microfit Auto Parts, Inc. et al.*, 2019 Wl 423403 at *4 (D. Md. Feb. 4, 2019). "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

11. Under the Settlement Agreement, Plaintiffs' counsel would receive $8,475.00 for Attorneys' Fees and Costs incurred. *See* Exhibit 1. Plaintiff's counsel submits Declarations together with their detailed billing statement. *See* Exhibits 2, 3, and 4. As detailed in his billing statement, Howard B. Hoffman has worked on Plaintiff's

claims at the hourly rate of $400.00,[2] and has worked 10.2 hours. *See* Exhibit 2 and 2-A. Jordan S. Liew, an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiff's claims at an hourly rate of $205.00,[3] and worked 3.2 hours. *See* Exhibit 3. Gregory B. Herbers, also an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiff's claims at an hourly rate of $205.00/hour,[4] and worked 17.2 hours. *See* Exhibit 4. In addition to the above, costs in this case amount to a total of $596.95 *See* Exhibit 2 ¶ 5; see also Exhibit 2-A. As such, the total amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation.

WHEREFORE, the parties request that this Court approve the proposed Settlement Agreement as a fair and reasonable resolution of the parties' FLSA dispute and approve and issue the proposed Order implementing the terms of the Settlement Agreement.

---

[2] Mr. Hoffman has over 19 years of relevant legal experience. The requested hourly rate – $400 an hour – falls within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400. Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425. This Court has previously held that Mr. Hoffman's requested rate of $400.00/hour is both "presumptively reasonable," and "reasonable considering Mr. Hoffman's years of experience in wage and hour law." *Dominguez*, 2019 WL 423403 at *6 n.4.

[3] Mr. Liew has 3 years of experience and the requested rate of $205.00/hour falls within the range listed by L.R. Appendix B(3)(a), which provides that an attorney with less than 5 years of experience bills between $150.00 to $225.00. The requested rate is "presumptively reasonable" for falling within the appropriate range. *Dominguez*, 2019 WL 423403 at *6 n.4.

[4] Mr. Herbers has 3 years of experience and the requested rate of $205.00/hour falls within the range listed by L.R. Appendix B(3)(a), which provides that an attorney with less than 5 years of experience falls between $150.00 to $225.00. The requested rate is "presumptively reasonable" for falling within the appropriate range." *Dominguez*, 2019 WL 423403 at *6 n.4.

Respectfully submitted

/s/
Howard B. Hoffman, Esq. #25965
Jordan S. Liew, Esq. #20509
Hoffman Employment Law, LLC
600 Jefferson Plaza, Suite 204
Rockville, Maryland 20852
(301) 251-3752 (phone)
(301) 251-3753 (fax)
hhoffman@hoholaw.com
jliew@hoholaw.com

*Counsel for Plaintiff*

/s/ with permission
Joyce E. Smithey, Esq. #27531
706 Giddings Avenue., Suite 200
Annapolis, Maryland 21401
(410) 919-2990 (phone)
(410) 280-1602 (fax)
Joyce.Smithey@smitheylaw.com

*Counsel for Defendants*


APPROVED:

_____       3-8-19
Hon. Beth P. Gesner                   Date
U.S. Magistrate Judge